UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM J. HERMAN,

        Plaintiff,

v.                                               Case No. 20-cv-749-pp

RACINE COUNTY JAIL,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO WAIVE PAYMENT OF THE INITIAL PARTIAL FILING FEE (DKT. NO.7)**

Plaintiff William J. Herman, an inmate at the Brown County Jail, is representing himself. He filed a complaint, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. §1915, dkt. no. 2. The court ordered that by June 29, 2020, the plaintiff must send the Clerk of Court $11.33 as an initial partial filing fee. Dkt. No. 6. The court advised the plaintiff that once it received this fee, it would determine whether the case could proceed without him being required to prepay the entire $350 filing fee. To date, the plaintiff has not paid this partial filing fee. On June 22, 2020, the court received a letter from the plaintiff, stating that he "will make necessary payments when I have income." Dkt. No. 7. The court construes this as a motion to waive payment of the initial partial filing fee.

Federal law requires that any party filing a complaint must pay a filing fee of $350. 28 U.S.C. §1914(a). It also requires a party filing a complaint to pay a $50 administrative fee. Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective May 1, 2013, #14. The law does *not* allow the court to waive the filing fee in full if the person filing the complaint is a prisoner. Rather, it says that if the court determines that the prisoner qualifies as indigent—someone who can't pay the full filing fee all at once—(a) the $50.00 administrative fee is waived, and (b) the court may allow the prisoner to pay the $350.00 fee by paying an initial partial filing fee followed by monthly installments until the fee has been paid in full. The law requires the court to calculate the initial filing fee and the installments based on 20% of either the average monthly deposits into the prisoner's account or the average monthly balance in the prisoner's account for the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. §1915(b).

The plaintiff filed this lawsuit on May 18, 2020. Dkt. No. 1. In its order assessing the $11.33 partial filing fee, the court analyzed the plaintiff's certified copy of his prisoner trust account statement for the period from March 7, 2020 through May 21, 2020. Dkt. No. 6 at 2. The court determined that the plaintiff had an average monthly deposit into the account of $56.76 and that the average monthly balance was $0.00. The plaintiff's average monthly deposit was greater than his average monthly balance, so the court determined that

2

Case 2:20-cv-00749-PP   Filed 08/07/20   Page 2 of 4   Document 8

20% of the average monthly deposits came to $11.33, and arrived at the initial partial filing fee.

The plaintiff's letter—which he dated June 16—stated that he was indigent and asked to allow him to make his payments once he received money. Dkt. No. 7. But the trust account shows that as of May 1, 2020—seventeen days before he filed his complaint—the plaintiff had a trust account balance of $23.41. Dkt. No. 4 at 5. As of May 4, 2020, he had a balance of $31.13. Id. at 8. As of May 12, 2020—just six days before the court received the complaint—the trust account balance was $37.50. Id. at 10. The trust account statement shows that the plaintiff spent a chunk of his money in the canteen, buying coffee, chips, Ramen noodles and tortilla shells. If the plaintiff had gone without some of these canteen purchases, he could have come up with the $11.33 initial partial filing fee.

The court will give the plaintiff one last chance to pay the initial partial filing fee of $11.33. The court must receive the initial partial filing fee of $11.33 by the end of the day on August 31, 2020. As the court stated in its June 8, 2020 order, dkt. no. 6, if the plaintiff does not have the funds available in his regular account to make the initial partial payment of $11.33, he may ask jail officials to take the funds from his release account. If the court does not receive the initial partial filing fee by the deadline, the court will dismiss the case without prejudice for failure to pay the filing fee. If the plaintiff does not want to pursue this lawsuit and avoid paying the initial partial filing fee (and having

the balance of the $350 filing fee deducted from his account over time), he does not need to take any further action. If he does nothing by August 31, 2020, the court will dismiss the case.

The court **DENIES** the plaintiff's motion to waive the payment of the initial partial filing fee. Dkt. No. 7.

The court **ORDERS** that the plaintiff must pay the initial partial filing fee of $11.33 in time for the court to *receive* it by then end of the day on **August 31, 2020**. If the court does not receive the initial partial filing fee by the deadline, the court will dismiss the case without prejudice based on the plaintiff's failure to pay. If the plaintiff no longer wants to pursue this case, he does not need to take any further action.

The court will send a copy of this order to the Brown County Detention Center, where the inmate is currently confined.

Dated in Milwaukee, Wisconsin this 7th day of August, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
